Cohen Tauber Spievack & Wagner LLP
Attorneys for Defendants
420 Lexington Avenue
Suite 2400
New York, New York 10170
Leo L. Esses (LE-1173)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Merrill Lynch Business Financial Services, Inc.,

Plaintiff

       -against-                           Case No. 07 CV 3900 (GBD)

Welko, Inc., Sam Kohl, Caren Kohl and "John Doe #1" through "John Doe #12"

Defendants

------------------------------------------------------------X

## ANSWER

    Defendants Welko, Inc., Sam Kohl and Caren Kohl, as and for their answer to the complaint in the above-captioned Civil Action, respectfully allege as follows:

    1. Deny information and belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint, but allege that the transaction which is the subject of this lawsuit originated with Plaintiff's affiliate, Merrill, Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S"), which remains a real party (though unnamed) in interest herein and which, upon information and belief, has its principal place of business in New York, New York.

2. Deny the allegations set forth in Paragraph "2" of the Complaint, except admits that Defendant Welko, Inc. ("Welko") formerly had a place of business at the address described.

3. Admit the allegations set forth in Paragraphs "3" and "4" of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint, and has no knowledge as to the states of citizenship (for diversity purposes) of Defendants "John Doe #1" through "John Doe #12.

5. Deny the allegations contained in Paragraph "6" of the Complaint, and in particular any allegation of diversity jurisdiction.

6. Deny the allegations contained in Paragraph "7" of the Complaint, except admit that venue would be proper if there were subject matter jurisdiction of action.

7. Admit the allegations contained in Paragraph "8" of the Complaint, except alleges that, by its terms, MLPF&S was a party to the referenced agreement.

8. Admit the allegations contained in Paragraphs "9" through "16", inclusive.

9. Deny the allegations contained in Paragraph "17" of the Complaint, except admit that S. Kohl gave the referenced guaranty. The purported signature of C. Kohl on her guaranty is not genuine, and was affixed, upon information and belief, without her permission.

10. Admit the allegations contained in Paragraphs "18" through "20".

11. Deny the allegations contained in Paragraphs "21" through "30", inclusive.

### FOR A FIRST AFFIRMATIVE DEFENSE

12. The Court lacks subject matter jurisdiction of this case, in that complete diversity between the parties is lacking.

### FOR A SECOND AFFIRMATIVE DEFENSE

13. The Court lacks personal jurisdiction over Defendants C. Kohl and S. Kohl, due to inadequate service of process.

### FOR A THIRD AFFIRMATIVE DEFENSE

14. The unauthorized and not genuine signature of Defendant C. Kohl on the 2006 Guaranty raises the possibility that circumstances surrounding the affixing thereof would, Defendants submit, render the entire transaction null and void.

WHEREFORE Defendants respectfully demand judgment in their favor and against Plaintiff: (a) dismissing the Complaint; and (b) granting such other and further relief as is just and proper.

Dated: New York, New York
June 20, 2007

COHEN TAUBER SPIEVACK & WAGNER LLP

By: _____
Leo L. Esses (LE-1173)
420 Lexington Avenue
Suite 2400
New York, NY 10170
Tel: (212) 586-5800
Fax: (212) 586-5095
lesses@ctswlaw.com
*Attorneys for Defendants*