UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

                            Plaintiff,

                           -against-

WELKO, INC., SAM KOHL,
CAREN KOHL, and
"JOHN DOE #1" THROUGH "JOHN DOE #12",
the last twelve names being fictitious and unknown to
plaintiff, being persons having or claiming an interest
in or lien upon the Collateral described in the complaint,

                            Defendants.

07 CV 3900 (GBD)

------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS SUMMARY JUDGMENT MOTION**

In 2003, defendant Welko, Inc. ("Welko") was granted a $800,000 commercial line of credit by plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS"). Its principals, Sam Kohl, and Caren Kohl, personally guaranteed the loan. Welko and its principals defaulted under the note and guaranty and they remain liable for the balance of the debt. As detailed below, there are no material facts in dispute and summary judgment in plaintiff's favor is appropriate.

**Statement of Facts**

On July 30, 2002, defendant Welko and plaintiff entered into a WCMA Loan and Security Agreement ("WCMA Note", annexed as Exhibit A), wherein plaintiff granted Welko an $800,000 line of credit. (Ex. A ¶ 1.1, "Maximum WCMA Line of Credit"; all exhibits references are to the Declaration of William Sardegna, sworn to July 30, 2007 ("Sardegna Dec."); Defendants' Answer ¶¶'s 7, 8, Ex. H.)

Under the WCMA Note, Welko promised to repay the plaintiff all sums of all monies that the plaintiff lent to Welko, including interest, attorneys' fees and any late fees. Welko, moreover, waived presentment, demand for payment, protest, notice of protest, notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities. (Ex. A, ¶ 2.1.)

In order to induce plaintiff to enter into the WCMA Note, on July 30, 2002, defendants Sam Kohl and Caren Kohl (the "Kohls") gave plaintiff their absolute and unconditional guaranties (collectively, the "2002 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the WCMA Note. (Ex. B; Defendants' Answer ¶ 8, Ex. H.) At all relevant times, the Kohls were principals of Welko.

Under the WCMA Note, Welko promised, among other things, to furnish plaintiff with certain financial information (Ex. A, ¶ 3.2) and not to draw, or borrow, more than the maximum line of credit allotted under the loan. (Ex. A ¶ 3.5(a)). According to the WCMA Note, the uncured breach of these provisions constitutes an event of default under the WCMA Note, entitling plaintiff to terminate the WCMA line of credit and accelerate the indebtedness. (Ex. A ¶ 3.6 (i) & (ii).)

On October 11, 2006, Welko and plaintiff entered into a Term Loan and Security Agreement, the "Term Loan Agreement", (Ex. C), wherein Welko gave plaintiff a Collateral Installment Note (Ex. D), and plaintiff restructured $175,000 of the WCMA Note for Welko. Under the Collateral Installment Note, Welko agreed to repay the $175,000 in 38 consecutive monthly installments of principal and interest. (Ex. D ¶ 2; Defendants' Answer ¶ 8, Ex. H.)

In order to induce plaintiff to enter into the Term Loan Agreement, on October 11, 2006, the Kohls gave plaintiff additional absolute and unconditional guaranties (collectively, the "2006 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the Term Loan Agreement and Collateral Installment Note. (Ex. E; Defendants' Answer ¶

2

8, Ex. H.)

On or about March 20, 2007, plaintiff sent defendants a demand notice, demanding: (a) payment of the overdraft amount on the WCMA Note loan balance by March 28, 2007; (b) payment of the monthly installment of $6,013.97 also by March 28, 2007 from March 1, 2007 under the Collateral Installment Note; and (c) submission of the financial information required under the WCMA Note by April 4, 2007. (Ex. F; Defendants' Answer ¶ 10, Ex. H.)

Welko failed to comply with plaintiff's demand, triggering an event of default under the WCMA Note, Term Loan Agreement and Collateral Installment Note (collectively, the "Loan Documents"). (Ex. A ¶ 3.5 (a), (b) & (c); Ex. C ¶ 3.5 (b) & (c); Ex. D ¶ 2; Defendants' Answer ¶ 10, Ex. H.)

Upon an event of default of the Loan Documents, the entire indebtedness due under the Loan Documents is "immediately due and payable." (Ex. A ¶¶'s 2.1, 3.6(a)(i)(ii); Ex. C ¶ 3.6 (a)(ii); Ex. D ¶ 2.)

As a result of the event of default of the Loan Documents, the entire indebtedness due under the Loan Documents is "immediately due and payable" under the 2002 Guaranties and the 2006 Guaranties (collectively, the "Guaranties").

Plaintiff commenced this action (Ex. G) and defendant has answered (Ex. H).

As of July 30, 2007, defendants owe MLBFS the sum of $870,071.60, which consists of principal of $809,832.78, accrued interest of $14,241.62, and late charges and fees of $45,997.20. This indebtedness figure is exclusive of further accrued interest and attorneys' fees specifically recoverable under the Loan Documents. (Sardegna Dec. ¶ 13.)

**Summary Judgment Standard**

Summary judgment is appropriate when "there is no genuine issue as to any material fact and

. . . the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Golden Pacific Bancorp. v. Federal Deposit Insurance Corp.,* 375 F.3d 196, 200 (2d Cir. 2004). The substantive law underlying the claim determines if a fact is material. *Golden Pacific Bancorp. v. Federal Deposit Insurance Corp.,* 375 F.3d at 200. A factual dispute is only "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249. Once the moving party discharges its burden of demonstrating that no genuine issue of material fact exists, the burden shifts to the nonmoving party to offer specific evidence showing that a genuine issue of fact exists for trial. *See Celotex Corp. v. Catrett*, 477 U.S. at 324. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. at 323-24. The purpose of summary judgment is to "pierce the boilerplate of the pleading and assay the parties' proof in order to determine whether trial is actually required." 11 James Wm. Moore, Moore's Federal Practice, ¶ 56.02 (3d ed. 1999).

### Argument

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

Summary judgment "is appropriate" in an action on a promissory note upon a showing that there is no material question concerning execution and default. *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993) (*citing Hanam, B.V. v. Kittay,* 589 F. Supp. 1042 (S.D.N.Y.1984); *see also Nutmeg Financial Services, Inc. v. Cowden,* 524 F. Supp. 620 (E.D.N.Y.1981)); *Westrm-West Risk Markets, Ltd. v. Lumbermens Mutual Casualty Co.*, 314 F.

Supp.2d 229, 232 (S.D.N.Y. 2004) ("In cases involving notes, guaranties, and surety bonds, an obligee establishes its prima facie case by demonstrating the execution of the obligation at issue, the underlying agreement, and the defendant's failure to pay"). In an action on a guaranty, a prima facie case is established by proof of the existence of the instrument and failure to pay. *Johnson & Johnson Finance Corp. v. BSR Realty L.P.*, 1996 WL 546284, at *2 (E.D.N.Y. 1996); *see also Bank Leumi Trust Co. v. Meagher*, 1994 WL 455106, at *1 (S.D.N.Y. 1994) (prima facie case on guaranty established by showing principal defaulted, defendant guaranteed debt and amount owed not paid ).

Plaintiff has established, through sworn documentation, its prima facie case establishing the existence of the debt and failure to pay. Defendants' answer does not dispute the existence of the debt nor the failure to repay. Rather, defendants put forth three affirmative defenses in their answer: (a) lack of complete diversity; (b) improper service of process upon the Kohl defendants; and (c) that Ms. Kohl's signature on the 2006 Guaranty is not genuine. These defenses are without merit.

Diversity jurisdiction exists between these New York defendants and plaintiff, a Delaware corporation based in Chicago. Service was properly effectuated upon the Kohl defendants as indicated in the affidavits of service previously filed in this case. Finally, even if Ms. Kohl did not sign the 2006 Guaranty, she remains liable for the debt under her original 2002 Guaranty, which was a continuing one. *See Orix Financial Services, Inc. v. Precision Charters, Inc.*, 2007 WL 2042499, *2 (S.D.N.Y. July 13, 2007.) Therefore, summary judgment should enter in plaintiff's favor.

5

**Conclusion**

For the foregoing reasons, it is respectfully requested that plaintiff's motion be granted and that judgment be entered against defendants, plus additional accrued interest and attorneys' fees.

Dated:  New York, New York
      July 31, 2007

                                SPENCER L. SCHNEIDER (SS-2471)

                                _____
                                Attorney for Plaintiff
                                70 Lafayette Street, 7th Floor
                                New York, NY 10013
                                Tel: 212-233-7400
                                Fax: 212-233-9713
                                sschneider@slsatty.com