UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MERRILL LYNCH BUSINESS FINANCIAL           :
SERVICES INC.,                              :        07 CV 3900 (GBD)
                                            :
                Plaintiff,                 :
                                            :
                -against-                 :
                                            :
WELKO, INC., SAM KOHL,                      :
CAREN KOHL, and                             :
"JOHN DOE #1" THROUGH "JOHN DOE #12",       :
the last twelve names being fictitious and unknown to :
plaintiff, being persons having or claiming an interest :
in or lien upon the Collateral described in the complaint, :
                                            :
                Defendants.                :
                                            :
------------------------------------------------------------------------x

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

In accordance with Fed. R. Civ. P. 56(c) and Local Civil Rule 56.1(a), plaintiff submits the following statement of material facts as to which there is no genuine issue to be tried.

1. On July 30, 2002, defendant Welko, Inc. ("Welko") and plaintiff entered into a WCMA Loan and Security Agreement ("WCMA Note", annexed as Ex. A), wherein plaintiff granted Welko an $800,000 line of credit (Ex. A ¶ 1.1, "Maximum WCMA Line of Credit"; all exhibits references are to the Declaration of William Sardegna, sworn to July 30, 2007; Defendants' Answer ¶¶'s 7, 8, Ex. H.)

2. In order to induce plaintiff to enter into the WCMA Note, on July 30, 2002, defendants Sam Kohl and Caren Kohl (the "Kohls") gave plaintiff their absolute and unconditional guaranties (collectively, the "2002 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the WCMA Note. (Ex. B; Defendants' Answer ¶ 8, Ex. H.)

3. On October 11, 2006, Welko and plaintiff entered into a Term Loan and Security Agreement, the "Term Loan Agreement", (Ex. C), wherein Welko gave plaintiff a Collateral Installment Note (Ex. D), and plaintiff restructured $175,000 of the WCMA Note for Welko. Under the Collateral Installment Note, Welko agreed to repay the $175,000 in 38 consecutive monthly installments of principal and interest. (Ex. D ¶ 2; Defendants' Answer ¶ 8, Ex. H.)

4. In order to induce plaintiff to enter into the Term Loan Agreement, on October 11, 2006, the Kohls gave plaintiff additional absolute and unconditional guaranties (collectively, the "2006 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the Term Loan Agreement and Collateral Installment Note. (Ex. E; Defendants' Answer ¶ 8, Ex. H.)

5. On or about March 20, 2007, plaintiff sent defendants a demand notice, demanding: (a) payment of the overdraft amount on the WCMA Note loan balance by March 28, 2007; (b) payment of the monthly installment of $6,013.97 also by March 28, 2007 from March 1, 2007 under the Collateral Installment Note; and (c) submission of the financial information required under the WCMA Note by April 4, 2007. (Ex. F; Defendants' Answer ¶ 10, Ex. H.)

6. Welko failed to comply with plaintiff's demand, triggering an event of default under the WCMA Note, Term Loan Agreement and Collateral Installment Note (collectively, the "Loan Documents"). (Ex. A ¶ 3.5 (a), (b) & (c); Ex. C ¶ 3.5 (b) & (c); Ex. D ¶ 2; Defendants' Answer ¶ 10, Ex. H.)

7. Upon an event of default of the Loan Documents, the entire indebtedness due under the Loan Documents is "immediately due and payable." (Ex. A ¶¶'s 2.1, 3.6(a)(i)(ii); Ex. C ¶ 3.6 (a)(ii); Ex. D ¶ 2.)

8. As a result of the event of default of the Loan Documents, the entire indebtedness due

under the Loan Documents is "immediately due and payable" under the 2002 Guaranties and the 2006 Guaranties (collectively, the "Guaranties").

9. As of July 30, 2007, defendants owe MLBFS the sum of $870,071.60, which consists of principal of $809,832.78, accrued interest of $14,241.62, and late charges and fees of $45,997.20. This indebtedness figure is exclusive of further accrued interest and attorneys' fees specifically recoverable under the Loan Documents. (Sardegna Dec. ¶ 13.)

Dated:  New York, New York
       July 31, 2007

    SPENCER L. SCHNEIDER (SS-2471)

    _____
    Attorney for Plaintiff
    70 Lafayette Street, 7th Floor
    New York, NY 10013
    Tel: 212-233-7400
    Fax: 212-233-9713
    sschneider@slsatty.com