UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                           :

MERRILL LYNCH BUSINESS FINANCIAL       :
SERVICES INC.,                                 :               07 CV 3900 (GBD)
                                           :
               Plaintiff,              :
                                         :
              -against-             :              **DECLARATION OF**
                                         :              **WILLIAM SARDEGNA**
WELKO, INC., SAM KOHL,              :
CAREN KOHL, and                       :
"JOHN DOE #1" THROUGH "JOHN DOE #12",   :
the last twelve names being fictitious and unknown to  :
plaintiff, being persons having or claiming an interest  :
in or lien upon the Collateral described in  the complaint,  :
                                         :
               Defendants.           :
                                         :
-----------------------------------------------------------------------x

I, William Sardegna, declare as follows:

1.   I am an Assistant Vice President of plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS"). I make this declaration, on personal knowledge, in support of plaintiff's motion for summary judgment against defendants Welko, Inc. ("Welko"), Sam Kohl, and Caren Kohl.

2.   On July 30, 2002, defendant Welko and plaintiff entered into a WCMA Loan and Security Agreement ("WCMA Note", annexed as Exhibit A), wherein plaintiff granted Welko an $800,000 line of credit (Ex. A ¶ 1.1, "Maximum WCMA Line of Credit").

3.   Under the WCMA Note, Welko promised to repay the plaintiff all sums of all monies that the plaintiff lent to Welko, including interest, attorneys' fees and any late fees. Welko, moreover, waived presentment, demand for payment, protest, notice of protest, notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities. (Ex. A, ¶ 2.1.)

4.   In order to induce plaintiff to enter into the WCMA Note, on July 30, 2002, defendants

Sam Kohl and Caren Kohl (the "Kohls") gave plaintiff their absolute and unconditional guaranties (collectively, the "2002 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the WCMA Note. (Ex. B.) At all relevant times, the Kohls were principals of Welko.

5.  Under the WCMA Note, Welko promised, among other things, to furnish plaintiff with certain financial information (Ex. A, ¶ 3.2) and not to draw, or borrow, more than the maximum line of credit allotted under the loan. (Ex. A ¶ 3.5(a)). According to the WCMA Note, the uncured breach of these provisions constitutes an event of default under the WCMA Note, entitling plaintiff to terminate the WCMA line of credit and accelerate the indebtedness. (Ex. A ¶ 3.6 (i) & (ii).)

6.  On October 11, 2006, Welko and plaintiff entered into a Term Loan and Security Agreement, the "Term Loan Agreement", (Ex. C), wherein Welko gave plaintiff a Collateral Installment Note (Ex. D), and plaintiff restructured $175,000 of the WCMA Note for Welko. Under the Collateral Installment Note, Welko agreed to repay the $175,000 in 38 consecutive monthly installments of principal and interest. (Ex. D ¶ 2.)

7.  In order to induce plaintiff to enter into the Term Loan Agreement, on October 11, 2006, the Kohls gave plaintiff additional absolute and unconditional guaranties (collectively, the "2006 Guaranties") of Welko's indebtedness and promised to repay the entire indebtedness to plaintiff upon a default of the Term Loan Agreement and Collateral Installment Note (Ex. E).

8.  On or about March 20, 2007, plaintiff sent defendants a demand notice, demanding: (a) payment of the overdraft amount on the WCMA Note loan balance by March 28, 2007; (b) payment of the monthly installment of $6,013.97 also by March 28, 2007 from March 1, 2007 under the Collateral Installment Note; and (c) submission of the financial information required under the WCMA

Note by April 4, 2007. (Ex. F.)

9.   Welko failed to comply with plaintiff's demand, triggering an event of default under the WCMA Note, Term Loan Agreement and Collateral Installment Note (collectively, the "Loan Documents"). (Ex. A ¶ 3.5 (a), (b) & (c); Ex. C ¶ 3.5 (b) & (c); Ex. D ¶ 2.)

10. Upon an event of default of the Loan Documents, the entire indebtedness due under the Loan Documents is "immediately due and payable." (Ex. A ¶¶'s 2.1, 3.6(a)(i)(ii); Ex. C ¶ 3.6 (a)(ii); Ex. D ¶ 2.)

11. As a result of the event of default of the Loan Documents, the entire indebtedness due under the Loan Documents is "immediately due and payable" under the 2002 Guaranties and the 2006 Guaranties (collectively, the "Guaranties")

12. Plaintiff commenced this action (Ex. G) and defendant has answered (Ex. H).

13. As of July 30, 2007, defendants owe MLBFS the sum of $870,071.60, which consists of principal of $809,832.78, accrued interest of $14,241.62, and late charges and fees of $45,997.20. This indebtedness figure is exclusive of further accrued interest and attorneys' fees specifically recoverable under the Loan Documents.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the date set forth below.

DATED this 30th day of July 2007

William Sardegna